**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Kate A. Rochat
Assistant U.S. Attorney
Kate.Rochat@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

June 8, 2026

Michael Benson
Assistant Federal Public Defender
101 SW Main St #1700
Portland, OR 97204

Re: *United States v. Michael Madaki Terry,* Case No 3:25-mj-00094
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to the Superseding Information, which charges two counts of the crime of Possession with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

3. **Penalties**: The maximum sentence is 20 years of imprisonment, a fine of $1,000,000, 3 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment on the day of sentencing or explain to the Court why this cannot be done.

**Notice of Immigration Consequences:** Defendant understands that pleading guilty to the charges in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

4. **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

---

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Count 1 and Count 2 of the Superseding Information, the government must prove the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a substance or mixture containing a detectable amount of cocaine;

Second, the defendant possessed it with the intent to distribute it to another person;

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. Defendant also agrees that the following facts are true and could be proven beyond a reasonable doubt:

On December 10, 2024, the Defendant, within the District of Oregon, arrived at the location of a pre-arranged purchase of drugs. Law enforcement observed the defendant park his car, get out of his car, and briefly enter the car of the individual purchasing drugs before returning to his car and leaving. The individual purchasing drugs confirmed that defendant provided him with 82 grams of cocaine, a schedule-II controlled substance, in exchange for cash.

On February 20, 2025, the defendant, within the District of Oregon, arrived at the location of a pre-arranged purchase of drugs. The defendant met with individual purchasing drugs and provided roughly 250 grams of cocaine in exchange for $5,000.

The defendant possessed a firearm in connection with his possession with intent to distribute a controlled substance.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in Title 18, United States Code, Section 3553(a). The parties agree that a Presentence Report (PSR) will be prepared and will not be waived. Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2D1.1(c)(11) is a Base Offense Level of 18, prior to adjustments and a Base Offense Level of 14, prior to adjustments pursuant to USSG § 2D1.1(c)(13)

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case.

---

If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9. **<u>Advisory Guideline Calculations</u>**: The parties stipulate and agree to the applicability of the following base offense level and adjustments on Count 1:

| | | |
|---|---|---|
| U.S.S.G. § 2D1.1 | Base Offense Level - At least 200g | 18 |
| U.S.S.G. § 3E1.1 | Acceptance of Responsibility | -3 |
| | Total Offense Level: | 15 |

10. **<u>Sentencing Recommendation</u>**: If Defendant agrees to resolve his case and demonstrates an acceptance of responsibility as described above, the government will recommend, as a reasonable sentence under the factors listed in 18 U.S.C. Section 3553(a), **a 2-level downward variance, and the high-end of the resulting sentence**, to be followed by 3 years of supervised release and a $100 special assessment.

10. **<u>No Enhancement</u>**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior serious drug felony or serious violent felony convictions.

11. **<u>"Safety Valve" Adjustment</u>**: If defendant meets the criteria of 18 U.S.C. § 3553(f) and USSG § 5C1.2 for "safety valve" relief from a mandatory minimum sentence, the parties will recommend a two-level reduction in offense level pursuant to USSG § 2D1.1(b)(18).

12. **<u>Zero-Point Offender Adjustment</u>**: If the Court determines defendant does not have any criminal history points and otherwise meets all of the criteria for the "Adjustment for Certain Zero-Point Offenders," the parties will recommend a two-level downward adjustment pursuant to USSG § 4C1.1.

13. **<u>Additional Departures, Adjustments, or Variances</u>**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances from the sentencing guideline range.

14. **<u>Waiver of Appeal/Post-Conviction Relief</u>**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant

---

also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction(s) or sentence under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement

15. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, commits any new criminal offenses, absconds or fails to appear for any hearing, or fails to report as directed by a supervising officer between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court prior to sentencing, or defendant must raise an immediate objection if the claim arises out of conduct at the sentencing hearing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

18. **Forfeiture and Abandonment Terms**:

A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, and 21 U.S.C. § 853, including all items seized as evidence, which defendant admits constitute the proceeds of defendant's criminal activity; or were used to facilitate defendant's criminal activity in violation of 21 U.S.C. § 841(a)(1).

B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D. **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E. **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F. **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

19. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///

///

///

///

///

---

20. **Deadline**: This plea offer expires if not accepted within 30 days of the date that it is provided to defense.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

***/s/ Kate A. Rochat***
KATE A. ROCHAT
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

10/9/26
Date

Michael Madaki Terry
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/9/26
Date

Michael Benson
Attorney for Defendant